IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL EDDINGS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ALL MAINTENANCE ELECTRIC OF ) | JURY TRIAL DEMANDED |
| GEORGIA, and ) | |
| DAN HARRIS, ) | |
| ) | |
| Defendants. ) | |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Daniel Eddings ("Plaintiff"), and files this lawsuit against Defendants All Maintenance Electric of Georgia ("Defendant AMEG") and Dan Harris ("Harris") (collectively, "Defendants"), and shows the following:

**I.     NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages,

attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings an FLSA retaliation claim.

## II.     JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant AMEG, at all times material hereto, has conducted business within this District. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendants.

5.

Defendant Harris is the owner of Defendant AMEG and is subject to specific jurisdiction in this Court over the claims asserted herein.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this

district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendants.

6.

Defendant AMEG may be served with process by delivering a copy of the summons and complaint on its owner, Dan Harris, at 14032 Kostner Avenue, Crestwood, Illinois, 60445.

7.

Defendant Harris may be served with process by delivering a copy of the summons and complaint to 14032 Kostner Avenue, Crestwood, Illinois, 60445.

### III.   PARTIES AND FACTUAL ALLEGATIONS

8.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

Defendant Harris is the owner of Defendant AMEG.

10.

Plaintiff was employed by Defendants from approximately mid-August 2021 to January 31, 2022.

11.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

12.

Plaintiff was employed by Defendants as a non-exempt electrician, and his primary job duty was manual labor.

13.

Throughout his employment, Plaintiff was paid his regular hourly rate for work hours, without overtime compensation, calculated at one and a half times his regular rate, for the hours he worked in excess of 40 in work weeks. In addition, on numerous occasions, Plaintiff's actual recorded work hours exceeded the number of hours actually paid by Defendant.

14.

Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

15.

Defendants are "employers" as that term has been defined by the FLSA.

16.

Defendant AMEG is a private employer engaged in interstate commerce, and its gross revenues from commercial activities exceeded $500,000.

17.

Defendant Harris exercised control over Plaintiff's conditions of employment, including exercising power over hiring and firing, supervision, work schedules, and compensation.

18.

During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

20.

In or about January 20, 2022, Plaintiff complained to Defendant's corporate office that he was not receiving proper overtime compensation for his overtime hours. Prior to January 20, 2022, Plaintiff also complained to his supervisor, Greg, about not receiving the overtime due to him.

21.

On or about January 31, 2022, Defendant Harris contacted Plaintiff and terminated his employment.

22.

In mid-December, Defendant Harris had provided Plaintiff with a bonus and expressed that Plaintiff was a valued employee Defendants desired to retain.

23.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to his protected activity.

24.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendants' retaliatory action, for which he is entitled to recover.

## Count I

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Plaintiff engaged in protected activity by opposing Defendants' willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

27.

Defendants responded to Plaintiff's protected activity by terminating his employment.

28.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

30.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

31.

Defendants' termination of Plaintiff violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

32.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

33.

Defendants' violations of the FLSA were willful and in bad faith.

34.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

35.

Plaintiff's statutorily protected activity was the determinative factor in Defendants' decision to terminate his employment.

36.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendants.

37.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

38.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth

herein.

39.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

40.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

41.

Defendants suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

42.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

43.

Defendants knew or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

44.

Defendants' violations of the FLSA were willful and in bad faith.

45.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)   Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)   Grant Plaintiff leave to add additional state law claims if necessary; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 10th day of March, 2022.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30343-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com